UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER DURFEE,

    Petitioner,

v.                                     Case No.  4:21-cv-426-MW/MJF

DEPARTMENT OF THE NAVY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before this court on Petitioner Christopher Durfee's ("Durfee") petition for writ of habeas corpus under 28 U.S.C. § 2241 and his motion to compel. Docs. 1, 2. The undersigned respectfully recommends that Durfee's section 2241 petition be dismissed without prejudice for lack of subject-matter jurisdiction and that his motion to compel be denied because it would be moot.

### I. BACKGROUND

On October 26, 2021, Durfee, proceeding *pro se*, filed a section 2241 petition. Doc. 1. Durfee also filed a motion to compel Respondent "to provide the trial transcript of the court martial held in 1998." Doc. 2 at 1. In his petition, Durfee alleges that in 1998, a Navy court-martial found him guilty of, among other things, forcible sodomy. Doc. 1 at 2. Although the court-martial did not impose a term of imprisonment, because of his conviction, Durfee is required to register as a sexual

offender with Florida's Sexual Offenders and Predators Registry. *Id.* at 4-5, 8; *see* Fla. Stat. § 943.0435.

Durfee requests that the District Court vacate his forcible-sodomy conviction because his trial and appellate counsel were ineffective. *Id.* at 2-3. Specifically, Durfee argues that his trial counsel failed to request an instruction on the lesser-included offense of consensual sodomy, and his appellate counsel failed to raise this argument on appeal. *Id.* at 2-3, 5. In the alternative, Durfee argues that his conviction should be vacated because in *Solorio v. United States*, 483 U.S. 435 (1987), the Supreme Court incorrectly overruled precedent it set in *O'Callahan v. Parker*, 395 U.S. 258 (1969). Doc. 1 at 8-11. Under *O'Callahan*, according to Durfee, the court-martial would have lacked jurisdiction over Durfee's prosecution in 1998 because the events giving rise to Durfee's prosecution "occurred off-base in [his] private residence." *Id.* at 9. Durfee contends that if *Solorio* were overruled, his forcible sodomy-conviction should be vacated for lack of jurisdiction.

## II. DISCUSSION

Section 2241 is the statutory grant of authority to federal courts to issue the writ only "when certain jurisdictional prerequisites are satisfied." *Arnaiz v. Warden*, 594 F.3d 1326, 1328 (11th Cir. 2010) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003)). Under section 2241, a federal court may grant habeas corpus relief when a federal prisoner demonstrates he is "in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Under section 2241, then, a district court has the power to grant a writ of habeas corpus only to a prisoner in custody in that district. *Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1273 (11th Cir. 2014) (per curiam).

Section 2241 makes clear that the petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Section 2241's "in custody" requirement is a jurisdictional question that cannot be waived. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988). The "in custody" requirement applies to section 2241 petitions filed by those convicted by military courts-martial. *Brown v. Sec'y of the U.S. Army*, 859 F. App'x 901, 902 (11th Cir. 2021) (holding that the district court properly dismissed a section 2241 petition for lack of subject-matter jurisdiction when the former servicemember-petitioner was not "in custody"); *Malloy v. United States*, 609 F. App'x 626, 627 (11th Cir. 2015) (same).

Generally, collateral consequences stemming from a conviction, standing alone, are insufficient "to render an individual 'in custody' for purpose of a habeas attack." *Maleng*, 490 U.S. at 492. This includes collateral consequences such as the requirement to register as a sexual offender. *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008) (noting that, given section 2241's "in custody" requirement, "courts

have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas"); *Ridley v. Fla. Dep't of Law Enf't*, No. 5:20cv126-RV-HTC, 2020 WL 2949834, at *4 (N.D. Fla. May 14, 2020) (collecting cases), *report and recommendation adopted*, 2020 WL 2949907, at *1 (N.D. Fla. June 3, 2020).

In his section 2241 petition, Durfee readily acknowledges that he is not in custody. Doc. 1 at 1. Indeed, Durfee admits that the court-martial never sentenced Durfee to a term of imprisonment. *Id.* at 4. To the extent Durfee is arguing that he is still "in custody" because he must register as a sexual offender, this argument is meritless. Sexual-offender registration requirements, standing alone, are insufficient to render an individual "in custody" under section 2241. *Virsnieks*, 521 F.3d at 718; *Ridley*, 2020 WL 2949834, at *4; *see Maleng*, 490 U.S. at 492. The District Court, therefore, lacks subject-matter jurisdiction over Durfee's section 2241 petition. *Stacey*, 854 F.2d at 403. For this reason, Durfee's section 2241 petition should be dismissed.[1]

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

---

[1] There is no need for the District Court to afford Durfee an opportunity to amend his petition, as amendment cannot change the fact that he is not in custody.

1.       **DISMISS** Durfee's "Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2241, Doc. 1, without prejudice, because the District Court lacks subject-matter jurisdiction.

2.       **DENY** Durfee's motion to compel, Doc. 2, because it would be moot if his petition is dismissed.

At Pensacola, Florida, this <u>5th</u> day of November, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**