IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER DURFEE,

     *Petitioner*,

v.                           **Case No.: 4:21cv426-MW/MJF**

DEPARTMENT OF THE NAVY,

     *Respondent.*

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 5, and has also reviewed *de novo* Petitioner's objections, ECF No. 6. Petitioner objects to the Magistrate Judge's recommendation to dismiss his § 2241 petition and cites *Kauffman v. Sec'y of the Air Force*, 415 F.2d 991 (D.C. Cir. 1969) in support of his argument that a servicemember is entitled to collateral review even if they are not in custody.

Having considered *Kauffman*, this Court concludes that although the case stands for the proposition that the collateral remedy of habeas corpus is preserved in civilian courts for individuals in custody for court-martial convictions, the case does not carve out an exception regarding § 2241's "in custody" requirement. Rather, it makes plain that habeas review is available for individuals who are still "in custody,"

but for those who are no longer in custody, habeas review is not the exclusive mechanism for collateral review of military judgments. *See Kauffman*, 415 F.2d at 994. Indeed, the first question presented in the case is not whether a servicemember is entitled to habeas review if they are not in custody. Instead, it is "whether the District Court has jurisdiction to entertain a collateral attack on a military judgment *not presented in the form of a petition for writ of habeas corpus*." *Id*. at 992 (emphasis added). Here, though, Petitioner seeks relief in the form of a petition for writ of habeas corpus instead of some other mechanism identified in *Kauffman*. This Court lacks jurisdiction to consider his petition because he is not in custody. Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 5, is **accepted and adopted**, over the Petitioner's objections, as this Court's opinion. The Clerk shall enter judgment stating, "Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, is **DISMISSED without prejudice** for lack of subject matter jurisdiction." Petitioner's pending motion to compel, ECF No. 2, is **DENIED as moot**. The Clerk shall close the file.

**SO ORDERED on November 18, 2021.**

s/Mark E. Walker_____
**Chief United States District Judge**

2